IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

BERNARD SEIDLING,

                     Appellant,

  v.                                                      OPINION and ORDER

PAUL KELLY, MARK WOYCHIK,
PAULA WOYCHIK, GLEN CUNNINGHAM, and           22-cv-598-jdp
PATRICK S. LAYNG, U.S. Trustee,

                     Appellees.

---

Debtor Bernard Seidling appeals the bankruptcy court's order converting his Chapter 11 bankruptcy petition to a Chapter 7 petition. A conversion order is final for the purpose of allowing this court to exercise jurisdiction over the appeal. *See In re USA Baby, Inc.*, 674 F.3d 882, 883 (7th Cir. 2012). Seidling has not shown that the bankruptcy court abused its discretion, so I will affirm the decision.

ANALYSIS

This case started as a Chapter 11 petition for reorganization. But the trustee and creditor Paul Kelly filed separate motions to convert the case to Chapter 7, which would require a liquidation of assets. After holding a hearing, the bankruptcy court determined that conversion to Chapter 7 was in the best interest of the creditors and the estate. Dkt. 1-1. Seidling contends that the bankruptcy court should have either dismissed the bankruptcy petition or converted it to a Chapter 13 petition, which would have allowed him to enter into a repayment plan.

Conversion from Chapter 11 to Chapter 7 is governed by 11 U.S.C. § 1112(b)(1):

> Except as provided in paragraph (2) and subsection (c), on request of a party in interest, and after notice and a hearing, the court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause unless the court determines that the appointment under section 1104(a) of a trustee or an examiner is in the best interests of creditors and the estate.

This provision requires the court to do three things before converting a Chapter 11 petition to Chapter 7: (1) provide the debtor notice and a hearing; (2) identify the cause for dismissal or conversion; and (3) explain why conversion rather than dismissal or appointment of a trustee or examiner is in the best interests of the creditors. Seidling doesn't challenge the adequacy of the notice he received or his opportunity to be heard, and he doesn't contend that the bankruptcy court should have appointed a trustee or examiner, so I need not consider those issues. The determination of cause and the decision to convert the case are reviewed for abuse of discretion. *Matter of Woodbrook Associates*, 19 F.3d 312, 316 (7th Cir. 1994). And I must accept any underlying findings of fact unless they are clearly erroneous. *In re Sparrgrove*, 313 B.R. 283, 288 (W.D. Wis. 2004).

The bankruptcy court gave two reasons for finding cause to dismiss or convert the case. First, Seidling himself did not wish to proceed under Chapter 11. He testified during the hearing that he could not meet the requirements for reorganization. Dkt. 20-4, at 33–34. Second, Seidling didn't file the Chapter 11 petition in good faith. At the time Seidling filed his Chapter 11 petition, he was already proceeding with a Chapter 13 petition. But the automatic stay had been lifted in the Chapter 13 proceeding, so Seidling filed a new petition to obtain a new stay. Dkt. 1-1, at 2; Dkt. 20-4, at 152.

The bankruptcy court also gave several reasons for converting the case to Chapter 7. As an initial matter, the court concluded that it didn't have authority to convert the case to

2

Chapter 13, as Seidling requested. The choices under § 1112(b)(1) are dismissal, conversion to Chapter 7, or appointment of a trustee or examiner. Conversion to Chapter 13 is not an option. This makes sense because Chapter 13, like Chapter 11, would require Seidling to submit a plan, which he failed to do. Although Seidling continues to argue that the bankruptcy court should have considered conversion to Chapter 13, he still identifies no legal or factual basis for doing so.

As for the decision to convert to Chapter 7 rather than dismiss, the bankruptcy court offered the following reasons:

- Seidling engaged in misconduct during the proceedings: he did not list all of his assets and creditors on his schedules.

- Conversion would be more likely to lead to equitable distribution of assets because more creditors could be identified.

- Smaller creditors would be more likely to receive some distribution rather than being left behind in a "race to the courthouse" in the event of a dismissal.

- Conversion would preserve the trustee's strong-arm powers, including the ability to recover preferential transfers and an extended lookback period for certain preferential transfers.

- If the court were to dismiss the case, Seidling would likely file another bankruptcy petition.

Dkt. 1-1, at 4–7; Dkt. 20-4, at 152–56.

Seidling doesn't challenge any of these reasons in his brief. Instead, he says that the bankruptcy court erred by accepting "false, unsworn" statements from Paul Kelly. It is true that Kelly made many unsworn allegations about Seidling in his motion. *In re Seidling*, No. 22-11191 (W.D. Wis. Bankr.), Dkt. 55. But the bankruptcy court didn't rely on any of those allegations in its decision; it relied on Seidling's own conduct and the evidence presented during the hearing. For example, Seidling himself admitted during the hearing that he had filed the

3

Chapter 11 petition because the stay on his Chapter 13 petition had expired. Dkt. 20-4, at 34. The court also cited claims and assets that Seidling had failed to disclose. Dkt. 1-1, at 4–5. Seidling doesn't identify any evidence that the bankruptcy court relied on in its decision that wasn't supported by the record.

Seidling also says that the bankruptcy court should have taken into account that he is in failing health. Seidling doesn't explain why or how his health is relevant to determining whether conversion or dismissal was the more appropriate option. But even if it were relevant, he doesn't point to any portion of the record in which he raised the issue with the bankruptcy court, so he forfeited the issue. Even now, Seidling hasn't submitted evidence showing that his health prevents him from participating in Chapter 7 proceedings.

The bankruptcy court gave reasonable grounds, both for finding that there was cause for dismissing or converting Seidling's bankruptcy petition and for finding that converting the petition to Chapter 7 was in the best interests of the creditors and the estate. Seidling hasn't shown that the bankruptcy court abused its discretion or relied on any clearly erroneous facts. The court will affirm the bankruptcy court's decision.

ORDER

IT IS ORDERED that the October 3, 2022 final order of the bankruptcy court is AFFIRMED.

Entered September 15, 2023.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge